Fernández, Como Liquidador de Fernández y Cía., S. en C., Recurrente, *v.* El Registrador de San Juan, Recurrido.

Recurso gubernativo contra notas del Registrador de la Propiedad de San Juan, Sección Primera, denegando la inscripción de una escritura de compraventa e hipoteca.

No. 437.—Resuelto en noviembre 11 de 1919.

Mandato—Poder del Mandatario para Ratificar Actos Anteriores—Efecto Retroactivo del Poder.—El mandato surte sus efectos a partir de la fecha del otorgamiento. Para que el mandatario pueda ratificar actos anteriores, es preciso que en el poder conste tal facultad o que se dé al mandato efecto retroactivo. Los mandatos son de interpretación estricta.

Legalización—Documentos Otorgados en Países Extranjeros.—Los documentos otorgados en países extranjeros deben estar debidamente legalizados para que puedan inscribirse en los registros de la propiedad de Puerto Rico.

Los hechos están expresados en la opinión.

El recurrente compareció en nombre propio.

El registrador recurrido, Sr. Rafael Tirado Verrier, compareció por escrito en nombre propio.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

En el Registro de la Propiedad de San Juan, P. R., Sección Primera, se presentó para su inscripción la escritura No. 48 de compraventa e hipoteca, otorgada por la mercantil Fernández y Cía., S. en C., en liquidación, a favor de Gervasio Gandía Córdova, el 19 de agosto de 1919, ante notario público. A dicha escritura se acompañaron otros documentos. El registrador se negó a inscribir la compraventa por los siguientes motivos:

"Que según los poderes que en testimonio se acompañan conferidos por las sucesiones de don Eusebio Fernández Méndez, doña

Amalia González Pérez y don José Fernández González, el apoderado si bien está facultado para 'liquidar, modificar y prorrogar los contratos sociales en que se hallaban interesados los causantes, y otorgar otros nuevos con los bienes y capitales de las repetidas herencias, con amplias facultades para estipular condiciones' en cuanto a la sucesión de los dos primeros, y para 'liquidar, disolver y modificar todos los negocios y sociedades en que estuviere interesado el causante don José Fernández, los prorroguen y constituyan otros nuevos, ya sean mercantiles o civiles, todo en la forma y condiciones que tengan a bien estipular,' no lo está, sin embargo, para ratificar actos anteriores al otorgamiento de tales poderes, ya hubieran sido ejecutados por los causantes en persona, o ya por otros en su representación, en cuyo caso se encuentra la escritura de disolución social y nombramiento de liquidador por estimarse que el actual apoderado sólo puede practicar operaciones nuevas, o sea a partir de la fecha de los respectivos poderes, correspondiendo los . actos anteriores a dicho apoderamiento al dominio exclusivo de los causantes, y en su representación a sus sucesiones, a no ser que expresamente se hubiera dado a los poderes efecto retroactivo, como se confirma con la sentencia del Hon. Tribunal Supremo del tomo 23, página 621; que si bien al final de las copias de los testamentos que se tienen a la vista se halla unida una diligencia de legalización por el cónsul de los Estados Unidos en Gijón, España, al relacionarse en la misma el documento de que se trata en cada caso, se expresa como único dato que se refiere a un poder, circunstancia que impide considerar como legalizados esos documentos, que deben serlo debidamente, con arreglo a la resolución del tomo 12, página 156.''

El registrador negó también la inscripción de la hipoteca, y no conforme con ambas negativas Felipe Fernández, como liquidador de Fernández y Cía., S. en C., interpuso contra ellas el presente recurso gubernativo. Tanto el recurrente como el registrador han presentado alegatos en los cuales discuten las cuestiones envueltas. Consideramos innecesario analizar más ampliamente esas cuestiones. La nota que dejamos transcrita es clara y sus fundamentos se basan en la ley y en la jurisprudencia. De un estudio cuidadoso de todos los documentos presentados, surge la convicción de que se trata aquí de un contrato válido que debería inscribirse sin dificultad en el registro. Sin embargo, los poderes son

de interpretación estricta y el registrador estuvo justificado en su actitud. Si bien la regla aplicada a este caso concreto traerá tal vez como consecuencia dilaciones y entorpecimientos en la transacción realizada, no debe por ello violarse por que en realidad constituye, en general, una garantía para todos los ciudadanos. En cuanto a lo ocurrido con la legalización, convenimos con el recurrente en que ha debido ser un error involuntario, pero lo cierto es que donde debe decirse "testamento" se dice "poder" y, por lo tanto, que el error existe.

Se confirman las notas recurridas.

*Confirmadas las notas recurridas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado Aldrey.

Los Jueces Asociados Sres. Wolf y Hutchison no intervinieron en la resolución de este caso.